UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AUSTIN CHANCE WILLIAMS | CIVIL ACTION NO. _____ |
| VERSUS | |
| GARY GILLEY, IN HIS OFFICIAL CAPACITY AS SHERIFF THE OF RICHLAND PARISH SHERIFF¢S OFFICE AND LLOYD HAMM, IN HIS OFFICIAL CAPACITY AS INVESTIGATOR WITH THE RICHLAND PARISH SHERIFF¢S OFFICE | HON. TERRY DOUGHTY, JUDGE  MAGISTRATE JUDGE HAYES |

COMPLAINT

AUSTIN CHANCE WILLIAMS, who is domiciled in the State of Louisiana, complains of the Defendants as follows:

1. The Defendants thus far are identified as Gary Gilley, in his Official Capacity as Sheriff of the Richland Parish Sheriff¢s Office, in Richland Parish, Louisiana; and Lloyd Hamm, in his official capacity as an Investigator with the Richland Parish Sheriff¢s Office in Richland Parish, Louisiana.

2. This Court has jurisdiction as provided by 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments of the U.S. Constitution. Venue is proper in accordance with 28 U.S.C. § 1391(b), and it has jurisdiction under 28 U.S.C. § 1367 to hear and determine Complainant¢s state law claims.

3. On or about April 8, 2018, Deputy Hamm claimed he witnessed a disturbance on Smalling Road in Richland Parish.

4. Deputy Lloyd Hamm advised his dispatch that he would be at 497 Smalling Road in Richland Parish.

5. 497 Smalling Road is the home of the Complainant.

6. The series of events leading up to the arrest of Complainant were initiated, without basis, by Deputy Lloyd Hamm.

7. Deputy Hamm came on to the property and to the home of Complainant.

8. No warrant existed for his arrest, and no exigent circumstances existed justifying the entry on to the property.

9. Deputy Hamm then confronted the Complainant as the Complainant came from inside of his home.

10. Hamm immediately grabbed the Complainant, threw him against a vehicle and ultimately struck him in the face knocking him to a sitting position.

11. When other officers arrived at the Smalling Road address, they observed Investigator Hamm holding Complainant down on the steps.

12. Officer James Herrington identified and detained Williams by placing him in handcuffs.

13. Complainant was then transported to the Richland Parish Detention Center and booked for alleged criminal conduct.

14.. Due to the above incident by Defendant, Hamm, Complainant suffered severe injuries to various portions of his body.

15 . Complainant received injuries which required medical treatment as a result of the battery by Investigator Hamm.

16. At no time did Complainant commit any offense against the laws of the State of Louisiana for which in any way justified Defendant's actions.

17. Defendant's actions in detaining Complainant and physically abusing him were intentional, malicious and in bad faith.

18. The actions of Defendant Hamm were the result of a failure to be properly trained and supervised by Richland Parish Sheriff's Office personnel.

19. As a direct and proximate result of Defendant's actions, Complainant was deprived of his rights, privileges and immunities guaranteed to them under the Fourth and Fifteenth Amendments to the United States Constitution; and in particular, the rights to be secure in his person and property, and to due process.

20. The Defendants' actions deprived Complainant of these rights in violation of 42 U.S.C. § 1983.

21. All of the aforementioned actions and omissions of the Defendants complained of by Complainant have been performed or committed by Defendants while acting under color of law. Accordingly, Complainants are entitled to damages or other relief pursuant to the authority of 42 U.S.C. § 1983.

22. In addition to the constitution and statutory violations, Defendants are liable under basic tort law and respondeat superior.

23. As a direct and proximate result of Defendants' actions, Complainant suffered and continues to suffer from physical injuries and serious mental anguish and psychological and emotional stress.

WHEREFORE, Complainant demands judgment against Defendants as follows:

A. Declaring pursuant to 28 U.S.C. § 2201 and 2202 that the actions of the Defendant set forth herein in violation of Complainant's rights under the United States Constitution, 42 U.S.C. § 1983 and Louisiana law.

B. Awarding to Complainant reasonable compensatory and punitive damages.

C. Awarding to Complainant reasonable attorney's fees and the costs and disbursements of this action; and

D. Granting to Complainant such other and further relief as the court may deem just and proper under the circumstances.

        Respectfully submitted,

        LAVALLE B. SALOMON, APLC
        700 North 2nd Street
        P. O. Box 14596
        Monroe, Louisiana 71207
        Telephone: (318) 387-1222
        Facsimile: (318) 387-1273
        ATTORNEY FOR DEFENDANT

BY _____
        Lavalle B. Salomon - #8599